IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 23-cr-00276-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CODY COOK,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Susan D. Knox, Assistant United States Attorney for the District of Colorado, and the defendant, Cody Cook, personally and by counsel, R. Charles Melihercik, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.  AGREEMENT

**A.  Defendant's Plea of Guilty:**

The defendant agrees to

(1)    plead guilty to: Count One of the Information charging a violation of 18 U.S.C. § 924(c)(1)(A)(i), Possession of a Firearm in Furtherance of a Drug Trafficking Crime;

(2)    waive certain appellate and collateral attack rights, as explained in detail below;

(3)    agree not to contest forfeiture as more fully described below; etc.


COURT EXHIBIT
1
23-cr-00276

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A). The government agrees not to bring other charges against the defendant based on information currently known to the United States Attorney's Office, District of Colorado concerning events surrounding the search of the defendant's house in Colorado on April 11, 2022. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, file an indictment in this matter with additional charges.

**C. Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction: Count One- 18 U.S.C. § 924(c)(1)(A)(i);

(2) the sentence exceeds the advisory guideline range of 60 months; or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

**Forfeiture of assets**:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853 whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere.  The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.  The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters.  Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him if notice is not sent within the prescribed time frames.  The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that the below-described property, which was seized from the defendant for evidentiary purposes, and which is currently in the custody or control of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), was lawfully seized and that it is evidence, contraband, or fruits of the crimes to which the defendant is pleading guilty.  The defendant, as sole and rightful owner, relinquishes and abandons

all claims, title, and interest the defendant has in such property with the understanding and consent that ATF may dispose of the property without further obligations. The specific property includes: a Tri-Star shotgun and ammunition.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Possession of a Firearm in Furtherance of a Drug Trafficking Crime are as follows:

### Count One: 18 U.S.C. § 924(c)(1)(A)(i)

First:   The defendant committed the crime of possession of a controlled substance with the intent to distribute, which is a drug trafficking crime; and

Second:   the defendant possessed a firearm in furtherance of this crime.

## III.   STATUTORY MAXIMUM SENTENCE

The minimum and maximum sentence for a violation of 18 U.S.C. § 924(c)(1)(A)(i) is not less than five years imprisonment (consecutive to any other sentence) and not more than life imprisonment; not more than a $250,000.00 fine, or both a fine and imprisonment; not more than 5 years of supervised release; and a $100 mandatory victim's fund assessment fee.

## IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States, or confined indefinitely if there is no

country to which the defendant may be deported, denied future admission into the United States, and/or to be denied citizenship.

## V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct. On September 28, 2020, the defendant commenced supervised release in the District of Colorado for a federal conviction he suffered in the District of Wyoming (Colorado case 20-cr-302-DDD). The underlying case in Wyoming involved drug trafficking.

During the course of his supervision, his probation officer Katrina Devine became concerned that the defendant was again engaged in drug trafficking. On April 11, 2022, USPO Devine and several of her colleagues arrived at the defendant's home without notice in order to conduct a physical search of the residence. During the search of the residence, various quantities of suspected methamphetamine and a few pills were

found secreted in the home. One baggie of suspected methamphetamine weighed a little over 400 grams and tested presumptive positive for methamphetamine. Another bag of suspected methamphetamine was later sent to the DEA lab for testing and was confirmed to be approximately 165 grams of actual methamphetamine. The small amount of pills were never tested.

Also located during the search and in reasonable proximity to the drugs was a Tri-Star shotgun. This shotgun was later test fired by ATF and was found to function as designed. The gun and the drugs were located in the defendant's residence in areas that contained his personal effects. The defendant was later intercepted speaking with his girlfriend over the phone from jail and they concocted a plan where she would take responsibility for the drugs in order to save him.

The defendant agrees that he was in possession of methamphetamine with the intent to distribute it and that the shotgun was possessed as protection for those drugs and for himself as a drug distributor. The defendant further agrees he possessed the firearm in furtherance of the crime of possession of methamphetamine with the intent to distribute it. The defendant's home is located in the District of Colorado

### VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth

below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

    a)    The base guideline is U.S.S.G. § 2K2.4, which provides that the guideline sentence is the minimum term of imprisonment required by statute. The minimum term of imprisonment required by 18 U.S.C. § 924(c)(1)(A)(i) is five years (60 months).

    b)    Pursuant to U.S.S.G. § 2K2.4(b), U.S.S.G. Chapters Three and Four shall not apply to Count One.

    c)    Pursuant to U.S.S.G. § 2K2.4(d)(1), the fine guideline established in U.S.S.G. § 5E1.2, shall be the fine guideline that would have been applicable had there only been a conviction for the underlying offense, Possession of Methamphetamine with the Intent to Distribute. The estimated offense level for this offense is 32. Therefore, the fine range for this offense would be $35,000 to $350,000, plus applicable interest and penalties.

    d)    Pursuant to U.S.S.G. § 5D1.2, if the Court imposes a term of supervised release, that term is not more than five years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory

guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any *18 U.S.C.* § 3553 factor.

## VII.   ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 6/20/22

Cody Cook
Defendant

Date: 6/20/22

R. Charles Melihercik
Attorney for Defendant

Date: 6/23/22

Susan D. Knox
Assistant U.S. Attorney